**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

ANTHONY L. PAYTON,                                                                                          PLAINTIFF
ADC #24245-076

v.                                            2:13CV00092-DPM-JJV

T. C. OUTLAW, Former Warden,
FCI-Forrest City; *et al*.                                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.	Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  INTRODUCTION**

Plaintiff Payton is a federal inmate who filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), based on events which occurred while he was incarcerated at Federal Correctional Institution (FCI), Forrest City, Arkansas.[1]  He alleges Defendants Thompson, Burnett, and Sieja[2] failed to protect him from sexual assaults at FCI from April 2012 until July 2012.  (Doc. No. 2.)[3]  Plaintiff asks for monetary relief from Defendants, among other things.  (*Id.* At 7.)

Defendants filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts

---

[1] Payton was transferred to Beaumont Medium Federal Correctional Institution on August 28, 2012 (Doc. No. 28-1 at 4.)

[2] Defendant Sieja was erroneously listed as "J Sieja Shu" on the court docket.  Plaintiff named him as J. Sieja, Shu, Lieutenant."  SHU is an acronym for Special Housing Unit where he was assigned to work.  The Clerk's Office shall correct the docket sheet accordingly.

[3] Defendants Outlaw and Haulk were dismissed for failure to state a claim upon which relief may be granted on October 17, 2013 (Doc. No. 10).  Although Plaintiff also named some Doe Defendants in his Complaint (Doc. No. 2 at 2-3), he has never identified or served these Defendants; therefore, they should be dismissed.

(Doc. Nos. 26-28), to which Plaintiff responded (Doc. Nos. 32-35). Defendants also filed a Reply (Doc. No. 36). From these documents, the Court summarizes the facts as follows.

Plaintiff was housed at Forrest City FCI from January 10, 2012, until August 14, 2012. (Doc. No. 28 at ¶ 20.) On March 21, 2012, Plaintiff was involved in an altercation with inmate Laron Brooks. (*Id*. ¶ 7, Doc. No. 2 at 5-6.) An investigation ensued and Plaintiff reported that the fight resulted from Brooks making sexual advances toward him. (Doc. No. 2 at 5-6.) Payton and Brooks were placed in the Special Housing Unit ("SHU") where Plaintiff was housed with inmate Terry Cunningham. (*Id.,* Doc. No. 28 at ¶ 13.) At this point, Mr. Payton "agreed to cell with [Cunningham]" but he was unaware of Cunningham's past. (Doc. No. 2 at 14.) On April 9, 2012, Plaintiff and Cunningham were involved in a fight in their cell. (*Id*. ¶ 16, Doc. No. 2 at 5-6.) Plaintiff states he was defending himself because inmate Cunningham had been trying to sexually assault him. (*Id.*) After the altercation on April 9, 2012, Cunningham was moved to a different cell in the SHU. (Doc. No. 28 at ¶ 17). On July 10, 2012, Plaintiff reported to prison authorities that he had been sexually assaulted on July 2, 2012, by his cellmate whom he identified as "Williams Cordora." (*Id*. ¶ 18.) Plaintiff was later transferred to the Federal Correctional Complex in Beaumont, Texas ("FCC-Beaumont") on August 28, 2012, where he remains today. (*Id*. ¶ 5.) Plaintiff claims he notified prison officials of these threats but Defendants failed to take proper action to protect him from harm. (Doc. Nos. 2, 5-6.)

II.     **SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions,

3

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County*, 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

    A.    **Exhaustion**

Defendants state that Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and the Bureau of Prisons (BOP) administrative remedy procedure, codified at 28 C.F.R. § 542.10, et seq. (Doc. No. 36-1.)[4] The BOP procedure requires that an inmate first attempt to resolve a grievance informally with staff, and if that attempt fails, the inmate should file a BP-9 request for remedy with the Warden of his institution. (Doc. No. 36-1 at 7-9.) If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director by filing a BP-10 form, and then to the Office of the General Counsel by filing a BP-11 form. (*Id*. at 10-11.)

According to the declaration of Susan Gaither, Secretary for the Associate Warden at FCI Forrest City, administrative records show that Plaintiff did not exhaust any of the seven

---

[4]Defendants originally filed with the Court BOP Program Statement 1330.17, entitled "Administrative Remedy Program." (Doc. No. 28-1.) However, that Statement was effective August 20, 2012, **after** the events at issue in this case. In their Reply, Defendants corrected that submission by filing Program Statement 1330.16, which was effective during the incidents at issue (Doc. No. 36-1.)

administrative remedy requests he filed during his incarceration with the BOP. (Doc. No. 28-1 at 2-3.) The first grievance he filed on July 5, 2012, which appealed his May 2012 disciplinary hearing, was rejected as untimely. The grievance procedure requires that grievances be filed within twenty days of the event for which relief is sought. (*Id*. at 3, 11.) Plaintiff was provided an opportunity to resubmit his request by including documentation from BOP staff justifying his late filing, but he failed to file the documents required. (*Id*. at 4.)[5] His appeal to the Central Office was rejected for the same reasons. (*Id*.) Plaintiff's other administrative remedy requests did not concern the alleged FCI-Forrest City incidents. (*Id*.) And as Defendants point out (Doc. No. 27 at 7), although Plaintiff may have exhausted his remedies for purposes of his Federal Tort Claim Act cause of action (Doc. No. 2 at 27-30), exhaustion of this administrative tort claim does not satisfy exhaustion of his *Bivens* action. Accordingly, Defendants state Plaintiff's Complaint should be dismissed.

Plaintiff counters, stating that the Prison Rape Elimination Act (PREA), specifically addresses administrative remedies in relation to issues of sexual abuse, and provides that such remedies may be filed at any time. Therefore, the BP-10 he filed on July 5, 2012, which was rejected as untimely on April 29, 2013, should not result in the dismissal of this claim for failure to exhaust. Plaintiff also relies on the federal tort claim he filed, and states he is disadvantaged by his limited legal knowledge and his reluctance to make public the sexual abuse allegations.

In their Reply, Defendants admit the PREA contains separate administrative remedy requirements, but those did not go into effect until August 2012 - after Plaintiff filed his grievances. In addition, they cite authority to support that the PREA regulation does not apply retroactively, and applies to allegations of sexual abuse, and not to constitutional claims of failure-to-protect.

---

[5]Defendants note that although Plaintiff submitted a BOP staff letter which purportedly excuses a late filing, he provides no evidence that the letter was ever submitted with an administrative remedy request. (Doc. No. 2 at 26.)

Having reviewed the parties' submissions, the Court finds Plaintiff's Complaint should be dismissed for failure to exhaust. According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels. In this case, as mentioned above, the final level is the General Counsel for the Central Office of the BOP, pursuant to a BP–11 form. The United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). In addition, in *Chelette v. Harris*, the Eighth Circuit Court of Appeals held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting *Castano v. Nebraska Dep't of Corrections*, 201 F.3d 1023, 1025 (8th Cir. 2000)). In *Chelette*, the plaintiff inmate did not completely exhaust his administrative remedies because the warden told him he would take care of the matter. The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." *Id*. Therefore, the Court concluded that the statute clearly requires exhaustion. In *Johnson v. Jones*, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court.... If exhaustion was not completed at the time of filing,

dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, the Supreme Court held in *Jones v. Bock* that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In addition, Defendants have provided persuasive authority that the PREA regulation - giving a claimant an indefinite time to file a grievance regarding a sexual assault - was not enacted until after these events and is not applied retroactively. The regulation also provides that an agency "may apply otherwise applicable time limits to any portion of a grievance that does not allege incidents of sexual abuse." 28 C.F.R. § 115.52(b)(2).

And, the Court agrees with Defendants that any exhaustion required to support a FTCA claim does not apply as exhaustion for a *Bivens* claim. Exhaustion of the administrative process for an FTCA is a separate process and this claim cannot not serve the exhaustion requirement under the PLRA.

While Plaintiff claims to be limited in knowledge of the grievance process, he was aware of requirements associated with filing a request to staff in which he complained about his cellmate on May 20, 2012, but he did not include any mention of rape, assault, or failure to protect. (Doc. No. 2 at 16.) He received a response from the Warden on June 28, 2012, who explained that Plaintiff was not housed in SHU for protection reasons, and that mere unwitnessed disagreements with cell mates did not warrant cell reassignments. (*Id*. at 18.) The BP-10 appeal Plaintiff filed on July 2, 2012, contained wholly new allegations, and so was rejected as untimely and at the wrong levels. But the officials provided Plaintiff with the opportunity to resubmit his Administrative Remedy Request to indicate a reason for his late filing. (*Id*. at 9, 10, 25.) Nevertheless, as noted by Susan Gaither, Plaintiff "did not submit the documentation required to justify late submission." (Doc. No.

7

28-1 at 4.)

The Court has carefully reviewed the Complaint, the Motion for Summary Judgment, the Response, the Reply, the points of law and the associated documents. For the reasons stated in this opinion, the Court concludes that Plaintiff failed to exhaust his administrative remedies. Accordingly, this matter should be dismissed without prejudice.

### B. Other Defenses

The Court will not address Defendants' alternative arguments for dismissal. Pursuant to *Johnson v. Jones*, 340 F.3d at 627, once a determination is made that the Plaintiff's claims were not exhausted, the Court is required to dismiss them without prejudice.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Clerk's Office shall correct the docket sheet. Defendant Sieja is erroneously listed as "J Sieja Shu" on the court docket. Plaintiff named him as J. Sieja, Shu, Lieutenant." SHU is an acronym for Special Housing Unit where he was assigned to work.

2. Plaintiff also named Doe Defendants in his Complaint (Doc. No. 2 at 2-3), whom he has never identified or served; therefore, they should be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

3. Defendants' Motion for Summary Judgment (Doc. No. 26) be GRANTED, and this case be DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED this 18th day of November, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE